UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BESTLIFE HOLDINGS, INC. dba CENEGENICS,<br><br>Plaintiff,<br><br>v.<br><br>ANTI-AGING AND WELLNESS CLINIC, et al.,<br><br>Defendant. | Case No. 2:20-cv-01081-KJD-VCF<br><br>ORDER |

Presently before the Court is Plaintiff's Motion for Attorney's Fees and Costs (#36). Defendant has not filed any response in opposition.

The Court previously granted Plaintiff's Motion for Default Judgment (#33) and entered Default Judgment on July 6, 2022. (#34). Plaintiff now requests the Court grant an award of attorney's fees and costs in the total amount of $35,596.81. (#36, at 2).

In determining appropriate fees to be awarded, the court uses the lodestar method. As stated in Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996), "[t]he 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." After computing this amount, the court then assesses various factors[1] to determine whether to adjust this lodestar figure. Id. at 363-64.

Plaintiff has adequately presented to the Court detailed billing records for each attorney that

---

[1] The twelve factors bearing on the reasonableness of the fees are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975). The Kerr factors are consistent with the local rule governing motions for attorney's fees. LR 54-14(b)(3).

worked on this action. The Court must first determine whether the rate and number of hours are reasonable. Plaintiff's attorneys billed a range from $112.00-$550.00 an hour, which is reasonable for a complex trademark case. Plaintiff's attorneys have also provided evidence that this is a reasonable rate and in line with other attorneys with comparable skill, experience, and reputation. (#36, at 5). Furthermore, the attorneys have shown that they spent a collective 77.3 hours in prosecuting this action billing a total of $33,953.20. It appears these hours were spent preparing motions, keeping up to date with correspondence, and preparing exhibits. The Court finds the hours expended by Plaintiff's counsel reasonable. Costs were already taxed according to Local Rule 54-1-53-13.

Finally, the Court must determine whether to increase or decrease the lodestar amount based on the Kerr factors. Plaintiff's attorneys have provided a brief summary of the hours, rates, results obtained, skill, experience, and difficulty of questions in accordance with Local Rule 54-14(b). The Court does not find that there should be an increase or a decrease in the lodestar amount. Therefore, the fee amount of $35,596.81.00 is a reasonable amount and will be awarded.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Application for Costs and Attorney's Fees (#36) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for Plaintiff and against Defendant in the amount of $35,596.81.

Dated this 2nd day of March, 2023.

Kent J. Dawson
United States District Judge